■ In the Matter of KIMBERLY GILL, Appellant, v JAMES GILL, Respondent.—Order unanimously affirmed without costs. Memorandum: The parties herein are the parents of an emotionally disturbed six-year-old boy. His aggressive, disruptive, antisocial behavior resulted in his suspension from kindergarten. The child has been placed in special education classes after undergoing various evaluations, a process with which petitioner gave limited cooperation. The child had been in the mother's custody since June 1984, when the father removed himself from the marital residence. The father had visitation with the child every other weekend.

In 1985, the father petitioned Family Court for a change of custody and, after a two-day hearing at which the parties and various school officials testified, the court transferred custody of the child to the father. We agree with this determination.

A custody decision is a matter within the sound discretion of the trial court and should not be disturbed unless it "lacks

a sound and substantial basis in the record" or is "contrary to the weight of the credible evidence" *(Matter of Harvey v Share,* 119 AD2d 823, 824; *see also, Eschbach v Eschbach,* 56 NY2d 167, 173).

The various factors to be considered when determining custody include: "[T]he quality of the home environment and the parental guidance the custodial parent provides for the child *(Eschbach v Eschbach,* 56 NY2d 167, 172); the ability of each parent to provide for the child's emotional and intellectual development *(Porges v Porges,* 63 AD2d 712, 713); the financial status and ability of each parent to provide for the child *(Eschbach v Eschbach, supra,* p 172); the relative fitness of the respective parents as well as the length of time the present custody has continued *(Matter of Nehra v Uhlar,* 43 NY2d 242, 250-251); and although not determinative, the desires of each child *(Eschbach v Eschbach, supra,* p 173)" *(Matter of Blake v Blake,* 106 AD2d 916).

On our review of the record, we find that the court had a sound and substantial basis for the change of custody and that the best interests of the child were served by the change. Because we reach this conclusion, it is unnecessary for us to address petitioner's argument that she should be allowed to relocate with the child to Massachusetts. (Appeal from order of Wyoming County Family Court, Newman, J.—custody.) Present—Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.