■ In the Matter of BRIAN A. and Another, Children Alleged to be Neglected. PEARL A., Also Known as ANNETTE A., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—Order of disposition, Family Court, New York County (George L. Jurow, J.), entered on or about June 6, 1991, adjudicating respondent a neglectful parent upon findings that she medically neglected David A. and emotionally neglected Brian A. and David A., and discharging both children to the custody of their father with supervision to be provided for a period of 12 months, unanimously affirmed, without costs.

Contrary to respondent's contention that the allegations of neglect were not proved beyond a preponderance of the evidence, the evidence presented by petitioner, thoroughly documented by the Family Court in its fact finding decision, overwhelmingly demonstrated respondent's failure to provide necessary medical care for David, which resulted in the need to remove his right eye (Family Ct Act § 1012 [f] [i] [A]), as well as the emotional impairment suffered by both David and Brian, which was "clearly attributable" to respondent's "unwillingness or inability * * * to exercise a minimum degree of care" for them (Family Ct Act § 1012 [h]; see also, § 1012 [f] [i] [B]). Family Court particularly noted respondent's failure to accept any responsibility for the effect of her conduct on the children.

Counsel's failure to object to certain evidence does not demonstrate a lack of competence (see, People v Baldi, 54 NY2d 137, 146-147), and, in any event, counsel made the very arguments offered by respondent with respect to evidence of incidents that occurred prior to the instant petitions. Nor was it necessary to appoint new counsel, given respondent's history of changing counsel, and her agreement to work out her differences with counsel. Moreover, as the court determined from counsel's performance, it is clear that consultation and preparation had taken place.

Respondent's remaining claims with respect to the dispositional order are moot, the order having expired in June 1992. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Rubin, JJ.