■ In the Matter of FRANK E. IRWIN, Appellant, v TAMMY NEYLAND, Respondent. [623 NYS2d 18] —Casey, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered August 30, 1993, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' daughter.

Petitioner contends that Family Court erred in denying his request for modification of the existing custodial arrangement for his daughter, arguing that respondent's present psychological instability and psychiatric history, together with respondent's interference with petitioner's visitation rights, warrants an award of custody to petitioner. It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child *(see, e.g., Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023; *Matter of Williams v Williams,* 188 AD2d

906, 907). The determination requires an inquiry into a number of factors relevant to the child's best interest, including the quality of the parents' home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development *(see, Matter of Williams v Williams, supra)*. Family Court's decision reveals a careful consideration of all of the relevant evidence, which led the court to conclude that the child's best interest did not require a change in custody. Upon our review of the record, we find no basis to disturb Family Court's findings and conclusions.

Although petitioner sought to emphasize respondent's psychiatric history prior to the child's birth, Family Court correctly focused on respondent's present ability to provide for the child's emotional and intellectual development. Concerned about evidence of respondent's emotional problems, Family Court ordered psychiatric evaluations. Based upon the evaluations, Family Court conditioned its award of continued custody with respondent upon respondent's participation in counseling and therapy to deal with her resentment concerning petitioner, with periodic progress reports to the court. Petitioner contends that a modification of the custody arrangement was required, but we conclude that Family Court's order represents an appropriate balance of the court's concern for respondent's ability to provide for the child's development with the need to maintain stability in the child's life. The balance achieved by Family Court's order is in accord with the psychiatrist's conclusions, and there is ample evidence in the record to support Family Court's finding that the child is happy and relatively well adjusted. She has done well in school and is described as bright, articulate and well groomed. As argued by petitioner, the record contains evidence of respondent's efforts to frustrate and impede petitioner's visitation. At the same time, however, the record also establishes that petitioner has enjoyed substantial and meaningful visitation, resulting in a strong parent-child relationship. We conclude that respondent's conduct was not so egregious as to warrant a change in custody *(see, Matter of Clary v Bond,* 186 AD2d 869, 871), particularly in view of Family Court's warning that respondent's interference must cease or a change in custody would be justified.

Petitioner's claim that Family Court was biased is unsupported by the record. We also reject petitioner's claim that Family Court erred in failing to issue a subpoena duces tecum

for the production of respondent's psychiatric hospital records. The psychiatrist who evaluated respondent reviewed the records with respondent's permission, and petitioner failed to demonstrate any justification for disclosure of the confidential records to petitioner or his counsel (*see,* Mental Hygiene Law § 33.13 [c] [1]). We have considered petitioner's remaining arguments and find them of insufficient merit to require discussion.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.