In the Matter of DONALD P., a Child Alleged to be Abused and Neglected. GAIL T., Appellant; COUNTY OF WESTCHESTER, Respondent. (Proceeding No. 1.) In the Matter of DALE M., a Child Alleged to be Abused and Neglected. GAIL T., Appellant; COUNTY OF WESTCHESTER, Respondent. (Proceeding No. 2.) [727 NYS2d 162] —In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (DiFiore, J.), entered March 2,

2000, which, after a hearing, *inter alia*, found that she had neglected her son Donald P., and (2) an order of fact-finding and disposition (one paper) of the same court, entered September 7, 2000, which, after a hearing, *inter alia*, found that she had neglected her son Dale M.

Ordered that the orders are affirmed, without costs or disbursements.

After two separate fact-finding hearings, the Family Court determined that the mother, Gail T., neglected her two sons, Donald P. and Dale M., by failing to exercise a minimum degree of care in supplying them with an education (*see,* Family Ct Act § 1012 [f] [i] [A]). The evidence adduced at those hearings established that despite the fact that both boys had excessive unexcused absences from school and often failed their classes, the mother repeatedly ignored the school's efforts to contact her, rejected remedial services that were offered, and failed to take any other corrective action. Thus, the presenting agency proved, by a preponderance of the evidence, that the boys did not regularly attend school and suffered an impairment as a result of their mother's acts and omissions (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Jennifer N.,* 173 AD2d 971; *Matter of Leslie C.,* 161 Misc 2d 600).

Contrary to the mother's contention, there is no evidence in the record to support the claim that she was denied the effective assistance of counsel as a result of the amount of compensation paid to her assigned counsel. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.