■ In the Matter of SHEILAH ATKINS, Appellant, v ORTON MAYNARD, Respondent. [732 NYS2d 298] —Order unanimously affirmed without costs. Memorandum: Family Court properly dismissed without prejudice the petition seeking modification of a prior custody order. The parties' child, born May 25, 1988, has lived with respondent since she was 2½ years old. The petition alleges that petitioner deserves a second chance to be a parent to the child and that circumstances have changed because she now owns her own home, has given the child "a lot of things," has planned family activities and does not drink alcoholic beverages. It appears from the record that the court initially reserved decision on a motion by respondent seeking dismissal of the petition based on the alleged insufficiency of the allegations therein, held an in camera hearing with the child and the Law Guardian (*see*, *Matter of Lincoln v Lincoln*, 24 NY2d 270), and thereafter denied the motion. The court then conducted a hearing and granted respondent's renewed motion to dismiss the petition at the close of petitioner's case.

"It is well established that alteration of an established

custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland,* 213 AD2d 773). An existing custodial arrangement should not be changed "merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling,* 37 NY2d 768, 770; *see, Fox v Fox,* 177 AD2d 209, 211). Here, the court properly determined that the changed circumstances to which petitioner testified, considered in conjunction with the statements of the child at the in camera hearing, including her reasons for wishing to reside with petitioner, are insufficient to establish that modification of the existing custodial arrangement would be in the child's best interests. (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Custody.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.