■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, v REMY K.Y., Appellant.

[748 NYS2d 732] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about May 2, 2001, which denied respondent-appellant's objections to an order of the same court (Patrick Garcia, H.E.), dated April 3, 2001, which dismissed respondent's petition to terminate a January 10, 2001 support order, unanimously affirmed, without costs.

Contrary to respondent's contention, there is no requirement that the parent receiving child support demonstrate that he or she is primarily supporting the child (*see generally* Family Ct Act § 413). Assuming, arguendo, that the January 10, 2001 hearing did not examine Ms. W.'s potential to earn income, respondent should have appealed the January 10 order (*see generally Matter of Dauria v Dauria*, 286 AD2d 879, 880). Similarly, if respondent wished to challenge Ms. W.'s eligibility for welfare, he should have done so at the January 10 hearing. Since he had the opportunity to be heard at that time, he was not deprived of due process (*cf. People v David W.*, 95 NY2d 130, 138). In any event, we note that "[t]he statutes and the regulations * * * place sole authority and responsibility for determining eligibility for public assistance, both original and continuing, upon the Department of Social Services" (*Matter of Walker v Buscaglia*, 71 AD2d 315, 320).

Respondent's argument that his petition for termination of child support should be deemed to include a request for downward modification of child support is not preserved for appellate review (*see e.g. Matter of Commissioner of Social Servs. [Wandel] v Segarra*, 78 NY2d 220, 222 n 1).

Respondent concedes that Family Court Act § 262 (a) does not provide indigent litigants with assigned counsel in article 4 support proceedings, but contends that the statute's failure to so provide is constitutionally infirm. The presumption, however, is that the right to assigned counsel exists "only when, if [the indigent litigant] loses, he may be deprived of his physical liberty" (*Lassiter v Department of Social Servs.*, 452 US 18, 27). Although this presumption is rebuttable (*id.* at 27, 31), respondent has not made the necessary showing. Unlike *Lassiter*, which involved the important private interest implicated in a proceeding to terminate parental rights, respondent's interest in decreasing his child support payments is not sufficiently important to support a constitutional mandate that assigned counsel be provided. Respondent's financial interests are protected by Family Court Act § 413 (1) (d). As for his equal protection argument, he fails to show the existence of a suspect classification.

Finally, the use of tape recorders (as opposed to court report-

ers) in Family Court violates neither due process nor equal protection. As long as the "alleged deficiencies in the hearing transcript d[o] not preclude meaningful appellate review of the issues raised by the [appellant]," due process is not denied (*Matter of B. Children*, 267 AD2d 307, 308), and in the instant case, the gaps in the transcription of the hearing tape do not preclude meaningful review.

We have reviewed respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.