■ In the Matter of TAMARA LIZ H., a Child Alleged to be Permanently Neglected. JOEANNE H., Appellant; NEW ALTERNATIVES FOR CHILDREN, INC., et al., Respondents. [752 NYS2d 634] —Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about July 30, 2001, which, upon a finding of permanent neglect, terminated respondent's parental rights with respect to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent "failed to offer any resource for the child other than continued foster care for as long as she remained in prison" (*Matter of Ida Jessica H.*, 289 AD2d 64, 65, citing *Matter of Gregory B. v Gregory F.*, 74 NY2d 77). Although the agency diligently attempted to encourage and strengthen the parental relationship by arranging for respondent to visit with the child, its efforts were largely unavailing since respondent was absent without notice from most of the scheduled visits and was eventually incarcerated at a location impractical for the child, whose medical and physical condition made her attendance impractical. While the agency advised respondent respecting developments in the child's medical condition and informed respondent about the special therapies that she would require, respondent was unable to

provide a viable caretaker resource and "the Legislature [did not] intend[ ] to approve a plan of indefinite foster care for the child of an incarcerated parent who is serving a lengthy prison term and who cannot provide the child with an alternative living arrangement" (*Gregory B.*, 74 NY2d at 89).

The requisite preponderance of the evidence supported Family Court's conclusion that termination of respondent's parental rights so as to free the child for adoption is in the child's best interests (*see Ida Jessica H., supra*).

Respondent's remaining argument respecting the adequacy of her representation in this matter in light of the assertedly constitutionally inadequate compensation available to her assigned counsel is unpreserved and we do not reach it. It may be noted, however, that respondent does not dispute the agency's and the Law Guardian's position that the record demonstrates that respondent's trial counsel diligently and zealously defended respondent (*see Matter of Donald P.*, 285 AD2d 510, *lv denied* 97 NY2d 603). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.