■ In the Matter of JOEI R. and Others, Children Alleged to be Permanently Neglected. IDA S. et al., Appellants; ANGEL

GUARDIAN CHILDREN AND FAMILY SERVICES, Respondent. [756 NYS2d 516] —Orders of disposition, Family Court, Bronx County (Rhoda Cohen, J.), entered on or about November 27, 2000, which, to the extent appealable, found that respondents permanently neglected the subject children and, upon such findings with respect to respondent father, terminated his parental rights, and transferred custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, and order, same court and Judge, entered on or about December 11, 2000, which denied respondent mother's motion to vacate her default in appearing at the dispositional hearing, unanimously affirmed, without costs. Appeal by respondent mother from the dispositional determinations in the aforementioned orders entered on or about November 27, 2000, unanimously dismissed, without costs, as no appeal lies from an order entered on default.

Clear and convincing evidence supports the findings of permanent neglect against respondents based on their failure to plan for the future of their children (*see Matter of Amanda R.*, 215 AD2d 220 [1995], *lv denied* 86 NY2d 705 [1995]). Notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship by regularly scheduling biweekly visitation between respondents and the children, as well as by urging respondents to attend a drug treatment program, a parenting skills program and to obtain mental health evaluations, respondents failed meaningfully to avail themselves of the services offered (*see id.*).

Also sufficiently supported was Family Court's finding that it was in the children's best interests (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]) that respondent father's parental rights be terminated in order to facilitate the children's adoption.

Family Court properly exercised its discretion in denying respondent mother's motion to vacate her default in appearing at the dispositional hearing in light of her failure to demonstrate a reasonable excuse for the default and a meritorious defense to the termination petition (*see Matter of Derrick T.*, 261 AD2d 108 [1999]). Respondent mother offered no documentary evidence to substantiate her claim that she had a medical condition for which she had been hospitalized until her release six days prior to the hearing, nor did she proffer evidence that she notified her attorney or the court that she would not be able to appear (*see Matter of Ashley Marie M.*, 287 AD2d 333 [2001]). In any event, these children's best interests clearly lie with a termination and an adoption by the foster mother who has

provided them with excellent care under challenging circumstances and is anxious to adopt them.

Respondent mother's appellate claim that she was constructively denied effective assistance of counsel by reason of the allegedly constitutionally inadequate compensation available to her assigned counsel, is unpreserved for our review (*see Matter of Tamara Liz H.*, 300 AD2d 202 [2002]) and there is no indication that her actual representation was less than effective (*see People v Lopez*, 298 AD2d 114 [2002]).

We have reviewed respondents' remaining contentions to the extent that they are properly before us and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.