NANCY P. STEELE, Formerly Known as NANCY S. ROSE, Respondent, v JOSEPH D. ROSE, Appellant. [765 NYS2d 542] —Appeal from an order of Supreme Court, Livingston County (Dattilo, Jr., Referee), entered February 4, 2002, which, inter alia, denied defendant's petition seeking modification of the custody provision of the parties' Massachusetts divorce decree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the award of spousal support to plaintiff and as modified the order is affirmed without costs.

Memorandum: Defendant commenced a proceeding in Family Court seeking modification of the custody provisions of the parties' Massachusetts divorce decree. Plaintiff thereafter commenced an action in Supreme Court seeking enforcement of the parties' separation agreement and additional relief. On plaintiff's motion, the Family Court proceeding was removed to Supreme Court and both matters were referred to a matrimonial referee, who was empowered to hear and determine all issues in dispute between the parties. The Referee properly denied defendant's petition. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances

which reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]). Although there was evidence that the children's circumstances had changed following the divorce, the Referee nevertheless determined that the best interests of the children would be served by continuing their primary physical placement with plaintiff (*see Matter of Green v Mitchell*, 266 AD2d 884 [1999]). "A custody determination by the trial court must be accorded great deference (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]) and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record (*see, Matter of Gill v Gill*, 135 AD2d 1090, 1091 [1987])" (*Green*, 266 AD2d at 884).

Defendant's challenge to the sufficiency of the complaint, raised for the first time on appeal, is not properly before us (*see Vitale v Fowler Oil Co.*, 238 AD2d 794, 795 [1997]; *Goodfarb v Freedman*, 76 AD2d 565, 570 [1980]). The Referee did not abuse his discretion in awarding attorney's fees and expert fees to plaintiff (*see O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *see also DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Nor did the Referee exceed his authority in making those awards, or in enforcing the child support provisions of the divorce decree. Those matters were encompassed by the order of reference (*see* CPLR 4311; *H & Y Realty Co. v Baron*, 160 AD2d 412, 413-414 [1990]; *cf. McCormack v McCormack*, 174 AD2d 612 [1991]). However, the Referee's authority to enforce the Massachusetts divorce decree did not extend to making an award of spousal support where that decree contained no provision for such support (*see Langdon v Mohr*, 99 AD2d 957, 958 [1984], *affd* 64 NY2d 819 [1985]; *Beaverson v Beaverson*, 72 AD2d 963, 964 [1979]; *see also Matter of Blizniak v Blizniak*, 73 AD2d 1050 [1980]). We therefore modify the order by vacating the award of spousal support to plaintiff. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.