■ JANICE PUDLEWSKI, Appellant, v JAMES PUDLEWSKI, Respondent. [765 NYS2d 570] —Appeal from those parts of a judgment of Supreme Court, Onondaga County (Tormey, III, J.), entered March 14, 2002, that, inter alia, distributed the parties' marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by

increasing the award to plaintiff from the Marine Midland Bank account from $1,572.50 to $3,612, by awarding plaintiff $132.50, representing her share of a security deposit paid with marital funds for an apartment rented by defendant, and by providing that defendant's obligation to pay maintenance shall continue until plaintiff attains the age of 62, plaintiff's remarriage or the death of either party and as modified the judgment is affirmed without costs.

Memorandum: We reject plaintiff's contention that Supreme Court erred in continuing the existing custody arrangement with respect to the parties' daughter. Plaintiff failed to make "a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]). In light of that custody arrangement, the court properly exercised its discretion in limiting the award of child support to the amount of combined parental income up to $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *see generally Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]). The court also properly exercised its discretion in denying plaintiff's request for counsel fees and expert fees (*see* § 237 [a], [d]; *Kret v Kret*, 222 AD2d 412, 413 [1995]; *Garges v Garges*, 175 AD2d 511, 513 [1991]).

With respect to the court's distributive award, we conclude that the court properly considered the tax consequences to defendant in calculating plaintiff's share of defendant's bonuses (*see* Domestic Relations Law § 236 [B] [5] [d] [10]; *Hartog v Hartog*, 85 NY2d 36, 52 [1995]). We reject the contention of plaintiff that the court erred in failing to award her a share of the value of the MBA degree obtained by defendant during the marriage. The record supports the court's determination that the MBA degree did not enhance defendant's earning capacity (*see McAlpine v McAlpine*, 176 AD2d 285, 286-287 [1991]; *Holihan v Holihan*, 159 AD2d 685, 686-687 [1990]). The record also supports the court's determination that the stock options received by defendant from his employer were provided as incentives for future continued performance, and the court properly calculated plaintiff's share of those stock options (*see DeJesus v DeJesus*, 90 NY2d 643, 652-653 [1997]). Defendant established that funds he withdrew from the parties' joint account with Fidelity Investment Company were used for marital expenses, but he failed to establish that sums he withdrew from the parties' joint account with Marine Midland Bank were also used for marital expenses (*see McGarrity v McGarrity*, 211 AD2d 669, 671 [1995]). We modify the judgment, therefore, by

increasing the award to plaintiff from the Marine Midland Bank account from $1,572.50 to $3,612, a net increase of $2,039.50. We further modify the judgment by awarding plaintiff $132.50, representing her share of a security deposit paid with marital funds for an apartment rented by defendant. Finally, we conclude that the court properly exercised its discretion in determining the amount of maintenance "but that the court's decision to limit the duration of maintenance to a period of * * * six years is not in accord with the intent of Domestic Relations Law § 236 (B) (6)" (*DiFilippo v DiFilippo*, 262 AD2d 1070, 1071 [1999]; *see Garvey v Garvey*, 223 AD2d 968, 970-971 [1996]; *Kret*, 222 AD2d at 412-413). We therefore modify the judgment by providing that defendant's obligation to pay maintenance shall continue until plaintiff attains the age of 62, plaintiff's remarriage or the death of either party. We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.