In the Matter of SHAVON H. and Another, Children Alleged to be Neglected. KEITH J., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents. [766 NYS2d 208]—

Orders of disposition, Family Court, New York County (Rhoda Cohen, J.), entered on or about October 18, 2000, which, in child protective proceedings pursuant to Family Court Act article 10, upon a fact-finding determination of neglect, placed the subject children with the Commissioner of Social Services for a period of 12 months, unanimously affirmed, without costs.

A preponderance of the credible evidence established that appellant neglected his daughter, Keijia H., by failing to provide necessary medical care for her kidney infection (*see* Family Ct Act § 1012 [f] [i] [A]; *see generally Matter of Jessica YY.*, 258 AD2d 743, 744 [1999]; *and see Matter of Brian A.*, 190 AD2d

530 [1993], *lv denied* 81 NY2d 710 [1993]). In addition, uncontradicted testimony respecting conditions in appellant's home, to the effect that bathroom fixtures were missing and that boiling water poured continually from a hole in the wall; that there was an asbestos-like substance exuding from the wall; that the kitchen sink was clogged with cockroaches; and that the apartment was bare of furnishings, eating utensils and drinking glasses, established that appellant failed to provide a safe, sanitary home for the subject children (*see Commissioner of Social Servs. [Pedro F.]*, 212 AD2d 400, 401-402 [1995]).

Although appellant makes general mention of a number of gaps in the transcript of the fact-finding hearing, he has not demonstrated specifically how such gaps precluded meaningful appellate review and, thus, has failed to substantiate his claim of denial of due process (*see Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261, 262-263 [2002]).

Appellant's challenge to the constitutionality of the assigned counsel system, raised for the first time on appeal, is not preserved for our review and we decline to reach it (*see Matter of Tamara Liz H.*, 300 AD2d 202, 203 [2002]). We note, however, that counsel does not contend that the allegedly inadequate compensation under the system resulted in ineffective representation of appellant in this matter.

We have reviewed appellant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.