In the Matter of Rose M. Whitford, Appellant, v Robert L. Grandinetti, Respondent. [775 NYS2d 720]—

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered December 3, 2002. The order denied the petition to modify a prior custody order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject petitioner's contention that Family Court erred in continuing the existing custody arrangement with respect to the parties' daughter. The court properly determined that petitioner failed to make "a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland,* 213 AD2d 773, 773 [1995]; *see Pudlewski v Pudlewski,* 309 AD2d 1296 [2003]; *Matter of Daniels v Daniels,* 309 AD2d 1174 [2003]). "An existing custodial arrangement should not be changed 'merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian' (*Obey v Degling,* 37 NY2d 768, 770 [1975]; *see, Fox v Fox,* 177 AD2d 209, 211 [1992])." (*Matter of Atkins v Maynard,* 288 AD2d 878, 879 [2001], *lv denied* 97 NY2d 609 [2002]). Further, "[a] custody determination by the trial court must be accorded great deference (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]) and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record (*see, Matter of Gill v Gill,* 135 AD2d 1090, 1091 [1987])." (*Matter of Green v Mitchell,* 266 AD2d 884, 884 [1999]; *see Steele v Rose,* 309 AD2d 1242 [2003]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.