■ In the Matter of MARCIA HARES, Respondent, v LARRY WALKER, Appellant. [778 NYS2d 342]—

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered March 21, 2003. The order granted the petition to modify a prior order by awarding sole custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, the record supports Family Court's determination that joint custody is no longer feasible due to respondent's incarceration and that it is in the best interests of the children to modify the prior custody order by awarding sole custody of the children to petitioner, the custodial parent. Respondent is incarcerated for the violation of orders of protection issued for petitioner's protection and has written letters to the children commenting in a derogatory and negative manner about petitioner, whom he unjustly blames for his imprisonment. A joint custody arrangement may be modified to a sole custody arrangement where, as here, the parents are no longer able to "work together in a cooperative fashion for the good of their children" (*Matter of Jemmott v Jemmott*, 249 AD2d 838, 839 [1998], *lv denied* 92 NY2d 809 [1998]; *see Matter of Smith v Miller*, 4 AD3d 697 [2004]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]).

Although respondent additionally contends that the court erred in failing to provide for any visitation while he is incarcerated, the issue of visitation was not raised at the hearing underlying the order on appeal. Indeed, we note that the parties had reached agreement on the visitation issue raised in the amended petition prior to the hearing and the order implementing that agreement is not a part of the record on this appeal.

Finally, respondent contends that he was denied effective assistance of counsel. This Court has previously noted, however, that " '[i]t is well settled that in the context of civil litigation[,] . . . absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained' " (*Matter of Orleans County Dept. of Social Servs. v Aaron S.* [appeal No. 2], 281 AD2d 931, 931 [2001], quoting *Matter of Saren v Palma*, 263 AD2d 544, 545 [1999]), and no such circumstances are present herein. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.