In the Matter of JOSEPH A. LONGO, JR., Appellant, v TAMI L. WRIGHT, Respondent. [796 NYS2d 483]—

Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered April 14, 2003 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, denied the petition in part.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this proceeding commenced pursuant to Family Court Act article 6, petitioner father appeals from an order insofar as it denied that part of his petition seeking the transfer of custody of the parties' three children from respondent mother to him. Reversal is not required as a result of Family Court's taking of respondent's testimony by telephone.

Petitioner has failed to preserve for our review his contention that the taking of such testimony deprived him of his constitutional rights of due process and equal protection (*see Matter of Shavon H.*, 1 AD3d 123, 124 [2003]; *Matter of Tamara Liz H.*, 300 AD2d 202, 203 [2002]; *Matter of Beebe v Beebe*, 298 AD2d 843, 843-844 [2002]; *Matter of Katherine D.*, 275 AD2d 985, 986 [2000]). We further conclude that petitioner was not deprived of effective assistance of counsel, but rather received meaningful assistance at the hearing, notwithstanding assigned counsel's isolated alleged deficiency in failing to object to the taking of respondent's testimony by telephone (*see Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Bates v Bates*, 290 AD2d 732, 734 [2002]; *see also Matter of Hares v Walker*, 8 AD3d 1019, 1020 [2004]).

With respect to the merits, we note that an "existing custodial arrangement should not be changed 'merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian' (*Obey v Degling*, 37 NY2d 768, 770; *see, Fox v Fox*, 177 AD2d 209, 211)" (*Matter of Atkins v Maynard*, 288 AD2d 878, 879 [2001], *lv denied* 97 NY2d 609 [2002]; *see Matter of Whitford v Grandinetti*, 6 AD3d 1178 [2004]). The party seeking a change of custody must demonstrate "a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Whitford*, 6 AD3d 1178 [2004]). " 'A custody determination by the trial court must be accorded great deference and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record' (*Matter of Green v Mitchell*, 266 AD2d 884, 884 [1999] [citations omitted])" (*Sorce v Sorce*, 16 AD3d 1077, 1077 [2005]). Based on the record, the court properly determined that petitioner is less fit than respondent and less able than she to provide for the children's stability and well-being (*see Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114 [2003]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.