■ In the Matter of JAMES M. BARBATO, Appellant, v SARAH M. PROSKURENKO, Respondent. (Appeal No. 1.) [801 NYS2d 183]— Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered July 22, 2004 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary residential custody of the parties' child to respondent and visitation to petitioner.

Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered November 24, 2004 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary residential custody of the parties' child to respondent and visitation to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted respondent's cross petition seeking to retain custody of the parties' child upon the relocation of respondent's residence to within "200 miles driving distance" of petitioner's residence. "A custody determination by the trial court must be accorded great deference . . . and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record" (*Matter of Green v Mitchell*, 266 AD2d 884, 884 [1999]; *see Matter of Longo v Wright*, 19 AD3d 1078 [2005]; *Sorce v Sorce*, 16 AD3d 1077 [2005]). Based on the record before us, we conclude that the court properly determined that petitioner is less able than respondent to provide for the child's stability and well-being (*see*

*Longo,* 19 AD3d at 1079; *Matter of Pinkerton v Pensyl,* 305 AD2d 1113, 1114 [2003]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.