■ ROBERT P. YOHON, JR., Respondent, v MARIA YOHON, Appellant. [804 NYS2d 167]—

Appeal from an order of the Supreme Court, Genesee County (Charles F. Graney, J.H.O.), entered February 11, 2004. The order granted the parties joint custody of their child with primary physical residence with plaintiff and visitation with defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order awarding the parties joint custody of their child with primary physical residence with plaintiff, defendant contends that the Judicial Hearing Officer (JHO) erred in conducting a de novo hearing on the issue of custody and that the matter should have been treated as a modification proceeding. Even assuming, arguendo, that the JHO erred in conducting a de novo hearing, we conclude that plaintiff established a change of circumstances that "reflects a real need for change to ensure the best interest of the child," thus warranting the change in primary physical residence of the child (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). Following the parties' most recent agreement with respect to the issues of custody and visitation, the child was diagnosed with major developmental delays necessitating aggressive treatment. Plaintiff established at the hearing before the JHO that all treatment providers have recommended that treatment be provided in one location. Therefore, the existing custodial arrangement, wherein plaintiff would have the child for one month in New York and defendant would have the child for two months in Georgia, is no longer in the child's best interests. We see no basis to disturb the determination of the JHO that it is in the best interests of the child to reside with plaintiff in New York (*see generally Irwin*, 213 AD2d at 774).

With respect to defendant's contention that plaintiff failed to make a sufficient evidentiary showing to require a hearing, we

note that defendant failed to include the pleadings in the record on appeal, and thus we are unable to review that contention. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.