Matter of T.T. v R.F.T. (2006 NY Slip Op 50891(U))

[*1]

Matter of T.T. v R.F.T.

2006 NY Slip Op 50891(U) [12 Misc 3d 1154(A)]

Decided on May 15, 2006

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2006

Family Court, Onondaga County
In the Matter of T.T. v R.F.T.
 V-01929-01931-01/05C

APPEARANCES OF COUNSEL
Hiscock Legal Aid Society, Christine S. Waters, Esq., of counsel, for petitioner; William R. Bartholomae, Esq., for respondent; Arlene Bradshaw, Esq., Law Guardian.

Michael L. Hanuszczak, J.
The petitioner filed a verified petition on August 12, 2005 seeking modification/enforcement of the Order Directing Custody & Visitation By Default, dated September 7, 2000. The petitioner filed an Amended Petition for Modification of a Custody Order of Another Family Court on October 26, 2005. The petitioner appeared, together with her attorney Hiscock Legal Aid Society, Christine S. Waters, Esq., of counsel; the father appeared, together with his attorney William R. Bartholomae, Esq.; and the Law Guardian Arlene Bradshaw, Esq. appeared. The matter proceeded to trial and testimony was heard on January 25, 2006, March 10, 2006, April 19, 2006, April 20, 2006, and May 5, 2006. A Lincoln hearing was conducted with the subject children and the Law Guardian on January 26, 2006.
The petitioner-mother seeks to modify/enforce a 2000 default order of custody which granted sole custody of the three children to the respondent-father. The subject children are 13-year-old R. T. and the 12-year-old twins T. T. and T. T. As a change of circumstances since the issuance of the current order of custody, the mother makes allegations which include: the children wish to reside with the mother; the mother was incarcerated at the time of the current default order of custody; the mother has been sober and drug-free for two years and has a stable lifestyle; the children are living in a crowded residence and the father is not meeting their needs; the father does not cooperate with the mother's visitation; the children are in danger at the father's home; and the children are depressed.
The Court finds that the mother has made a sufficient showing of a change in circumstances to warrant a hearing on her petition, especially since the current order is a default order. (Fiori v. Fiori, 291 AD2d 900.) An existing custodial arrangement will be changed only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interests of the child. (Stacy L.B. v. Kimberly R.L., 12 AD3d 1124 quoting Matter of Irwin v. Neyland, 213 AD2d 773.) A custodial arrangement will not be changed because of financial or psychological improvements in the non-custodial parent "as long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian." (Whitford v. Grandinetti, 6 AD3d 1178 quoting Obey v. Degling, 37 NYS2d 768.) Among the circumstances to be considered in a modification of custody are the wishes of the child, but the child's desires are not dispositive. (Eschbach v. Eschbach, 56 NY2d 167.)
[*2]
The Court heard extensive testimony from the parties and their witnesses concerning the children, the relationship of the father and the mother to the children, and the parental fitness of each party. The Court also received into evidence, on stipulation of the attorneys, social investigations of each of the parents.
Undisputed testimony showed that the subject children have lived with the father and his wife since the year 2000. The father assumed custody during a period of time when the children were placed in foster care in Erie County after the mother was adjudicated to have neglected the children. Testimony shows that the children reside with their father, his wife, his wife's three children, and his wife's 90-year-old grandmother in a 4-bedroom home. The father also indicated that his 3-year-old niece has been living in his home on a temporary basis The three subject children share a bedroom in the father's home. Although the mother alleged that there are unsanitary conditions associated with the care of the grandmother, the father, his wife, and his cousin all deny these allegations.
The mother alleged that the children are in danger due to the conduct of the stepmother's son. The mother alleges that on August 3, 2005, there was an incident in which one of the children was threatened with a knife and bitten while the father and his wife were not at home. The mother's allegation is supported by the testimony of the mother's sister, who testified that she drove up to the father's residence, took the children home with her, and administered first aid. The father and the stepmother state that they were at Wal-Mart at the time of the incident, that they were contacted by the mother's sister, but that the children were not removed from the home, and that the perpetrator was punished.
The mother also alleges that the children were out on the street several times during the summer after midnight, but this was denied by the father and the stepmother who assert that summer curfew begins when the street lights are turned on.
The father acknowledged that he was released from state prison in 1995, but states that he has not been arrested since that time.
An Erie County Custody/Visitation Parenting Problem Assessment, dated April 18, 2000 and authored by a forensic mental health specialist, stated that the mother had an extensive arrest record for offenses including stealing and fighting as well as three Child Protective Services involvements while the father had criminal involvement including two felony convictions. At the date of the evaluation report in 2000, the evaluator stated that the father presented a more stable home for the children and that he was conducting his life in a more functional manner than the mother. The mother admitted that her parental rights were terminated with respect to one of her children from another relationship.
The father testified that he and the children have a good relationship and that they participate in many activities together including running, sports, school functions, and family vacations. He testified that he takes the children to their medical and dental appointments and, during the pendency of this proceeding, has arranged for the children to receive counseling through the schools. He testified that he attends all school conferences and school functions. He testified that the mother has exercised visitation sporadically up until the time that the instant petition was filed.
The mother testified that she has had no criminal charges since the completion of a drug court program and that she has been employed as a certified nurse assistant in Auburn, New York [*3]for the past two years. She testified that she currently works from 10:00 p.m. until 6:00 a.m. and that her ex-roommate A. would watch the children if she was the custodial parent. The mother admitted that A.'s children reside with their father but stated that A. is an appropriate caretaker for the children. The mother stated that she has made several moves within the past two years and that she presently lives in a 4-bedroom apartment.
The coordinator of the Auburn Treatment Court testified that the mother participated in the program from June 30, 2003 through January 18, 2005 and that she successfully completed the program. The witness admitted that the mother had a misdemeanor arrest for marijuana use and missed some of the meetings while a program participant; she recommended that the mother receive intensive outpatient treatment two to three times per week.
The mother also admitted that she filed the instant petition after being served with a petition alleging that she had violated an order of support, but she also stated that the children will be happier if they live with her as they are depressed. The mother testified that she has never attended school conferences as she did not know when they were scheduled and she did not know that if she was entitled to that information but that she did attend a school concert two years ago and attended the twins' graduation from fifth grade. The mother acknowledged that she has spoken to the children about this proceeding.
The mother testified that the father has denied her extra visitation and that he has not kept to the agreed upon visitation times. She testified that she and the father do not communicate about the children.
The father acknowledged that he and the mother do not communicate and that messages are passed through the children. He denied any interference with the mother's visitation.
The proof shows that two of the children are successful in school and on the Merit Roll but that one of the children is experiencing difficulties in school, academically and behaviorally. The school guidance counselor stated that the girls are good students and that the oldest child will be in the college preparatory program in high school next year. She stated that all three girls are in counseling. The counselor stated that she has met with with the father on several occasions but not with the mother.
The father testified that he will support increased visitation between the children and their mother but that he would have concerns about the general welfare of the children if they were to live with their mother. The father's wife testified that she is willing to assist with the transportation.
The mother has not met her burden of showing that it would be in the best interests of the children to reside with her. Although the Court has some concern about the current crowded living conditions within the father's home, the evidence shows that he has adequately provided not only basic necessities such as food, shelter, medical care but also such extras as vacations and other family activities for the past six years. The father has also recognized the need for counseling for his children, albeit somewhat tardily in this Court's opinion. There was no credible evidence that the father improperly disciplined or neglected the children.
The Court found the mother to be lacking in candor and credibility throughout significant portions of her testimony and that much of her testimony was self-serving. The Court finds the father a more credible witness although portions of his testimony were also self-serving. Cross-examination brought out facts which weakened her credibility and gave rise to questions [*4]about her ability to parent these children. The Court is especially concerned about the mother's termination of parental rights, her frequent changes in residence, and her prior history of drug abuse although the Court commends her for successfully completing Drug Court in Auburn. Importantly, the mother did not satisfactorily explain her lack of interaction with these children over the past few years.
The evidence shows that these children have a great need for both parents to be present in their lives. A change in custody at this time is not warranted; however, the Court will grant increased visitation to the mother.
The mother has not demonstrated that the father violated the current order of custody and that portion of her petition is dismissed with prejudice.