In the Matter of MARTIN J.R., Respondent, v KIMBERLI A.K., Appellant. [845 NYS2d 890]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 22, 2006 in a proceeding pursuant to Family Court Act article 6. The order awarded primary physical residence of the parties' child to petitioner and granted visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking to modify an existing custody order pursuant to which the parties had joint custody of their child, with primary physical residence with respondent mother. In his petition, the father alleged that he is entitled to primary physical residence of the child. We reject the contention of the mother that Family Court erred in denying her motion to dismiss the petition. In addition to alleging that the mother was incarcerated, the petition alleged several other changed circumstances. Thus, the mother's release from incarceration prior to the hearing did not render the petition moot or insufficient to justify a modification of the existing custody order (*see generally Matter of Wiedenkeller v Hall*, 37 AD3d 1033, 1034-1035 [2007], *lv denied* 8 NY3d 816 [2007]).

Contrary to the mother's further contention, the court properly awarded primary physical residence of the child to the father inasmuch as he established a sufficient change of circumstances that "reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). Specifically, the father established that the mother did not have a stable residence or the means by which to support herself and the child. He further established that the mother remained in an abusive relationship with a man who repeatedly abused the mother in the presence of the child. Although the court properly noted that the father was not without problems of his own, the evidence in the record establishes that the father was fully employed and had a stable residence with a room for the child. Thus, the award of primary physical residence to the father is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of Angel M.S. v Thomas J.S.*, 41 AD3d 1227 [2007]). Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.