■ In the Matter of ANITA L., Respondent, v DAMON N., Appellant. [864 NYS2d 23]—

Appeal from order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered October 31, 2007, which granted petitioner mother sole legal and physical custody of her children and ordered that respondent father's access to the children be limited to supervised visitation, unanimously dismissed, without costs. Appeal from order, same court, Judge and date of entry, which granted petitioner an order of protection against respondent, unanimously dismissed, without costs.

On October 31, 2007, respondent walked out of a hearing of petitioner's child custody and family offense petitions. This conduct was properly treated by the court as a knowing and willing default, as respondent previously had been warned against leaving the courtroom and other disruptive behavior. No appeal lies from an order entered upon an aggrieved party's default (CPLR 5511; *Figiel v Met Food*, 48 AD3d 330 [2008]).

Were we to consider the appeals, we would affirm both orders. As respondent was afforded, but chose not to avail himself of, the opportunity to be heard, his right to due process was not violated (*see Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261 [2002]). Moreover, even in the absence of a full hearing, the court had "sufficient information to render an informed decision" as to the best interests of the children (*Skidelsky v Skidelsky*, 279 AD2d 356, 356 [2001]). Given the undisputed evidence concerning respondent's behavior, separate fact-finding and dispositional hearings concerning the family offense petition were not required (*see Matter of Quintana v Quintana*, 237 AD2d 130 [1997]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.