Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about March 27, 2012, denying appellant’s objection to the December 20, 2011 decision of the Support Magistrate, which, upon appellant’s default, and following an inquest, entered an order of filiation finding that appellant is the father of the subject child, and a child support order, unanimously affirmed, without costs.
The record supports the court’s finding that the presumption of legitimacy was overcome based on the mother’s testimony that she was divorced from her former husband three years before the child’s birth, and that she was in an exclusive sexual relationship with appellant in the relevant period before the child’s birth. The court’s determination that this testimony was “credible” is entitled to great weight and is supported by the record (see Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]).
Appellant may not appeal the equitable estoppel finding against him because he defaulted in appearing on the date the *563 hearing was scheduled, after having failed to appear on the prior court date and after being warned that the court would proceed with or without him on the adjourn date (see Matter of Anita L. v Damon N., 54 AD3d 630, 631 [1st Dept 2008]).
Even if we were to consider the matter on the merits, the evidence supported the finding that it was in the best interests of the child to deny appellant’s request for a DNA test because the child believed that appellant was her father, she called him “Daddy,” he sent her gifts, cards and letters, introduced her to others as his daughter, visited her and she visited his family. No evidence was presented that another man was the child’s father. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.