# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1051**
**CAF 15-00987**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF NICOLE M. HONSBERGER,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSEPH R. HONSBERGER, RESPONDENT-RESPONDENT.
------------------------------------------------
SUSAN GRAY JONES, ESQ., ATTORNEY FOR THE CHILD,
APPELLANT.

---

SUSAN GRAY JONES, ATTORNEY FOR THE CHILD, CANANDAIGUA, APPELLANT PRO SE.

MULDOON GETZ & RESTON, ROCHESTER (MARGARET M. RESTON OF COUNSEL), FOR PETITIONER-RESPONDENT.

WHITCOMB LAW FIRM, P.C., CANANDAIGUA (DAVID J. WHITCOMB OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered March 9, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint custody of the subject child with primary physical placement to respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, the Attorney for the Child (AFC) appeals from an order that awarded petitioner mother and respondent father joint custody of the subject child, with primary physical residence to the father and visitation to the mother. Contrary to the AFC's contention, there is a sound and substantial basis in the record for Family Court's determination that awarding the father primary physical residence of the child is in the child's best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174). Although the court found that both parents were fit and that the mother had been the child's primary caretaker since birth, the record supports the court's determination that the father had the financial resources to support the child, had a stable residence with a room for the child, and had the "convincing edge" in fostering a relationship between the child and the mother (*see Matter of Tuttle v Tuttle*, 137 AD3d 1725, 1726; *Matter of Martin*

*J.R. v Kimberli A.K.*, 45 AD3d 1358, 1359).

Frances E. Cafarell
Clerk of the Court