■ In the Matter of CONNIE L. BEEBE, Respondent, v EDWARD C. BEEBE, Appellant. [747 NYS2d 815] —Appeal from an order of Family Court, Jefferson County (Schwerzmann, J.), entered March 20, 2001, which suspended respondent's visitation with his children.

It is hereby ordered that said appeal from order insofar as it concerns the two older children be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Respondent father appeals from an order suspending his visitation with his three children. We note at the outset that the appeal is moot with respect to the two older children because they reached the ages of 20 and 18 during the pendency of the appeal (*see Palmer v Palmer,* 223 AD2d 944, 945). With respect to the youngest child, we conclude that Family Court did not abuse its discretion in suspending visitation. Nor did the court abuse its discretion in requiring that certain conditions be met before visitation resumed, including that a visitation supervisor other than respondent's mother be present during visitation. The court was entitled to credit the testimony of a psychologist who, upon evaluating the child, opined that those conditions should be met before visitation resumed (*see generally Matter of Lonobile v Betkowski,* 295 AD2d 994). We further note that respondent testified at the hearing on the petition that in his view those conditions were not unreasonable. The contention of respondent that the court violated his right to due process by suspending visitation based on his mother's behavior is not preserved for our review (*see*

*Matter of Wood v Hargrave*, 292 AD2d 795; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In any event, that contention is lacking in merit. We also reject the contention of respondent that he should have been present for all court appearances despite the fact that he was incarcerated at the time of the instant proceedings. Respondent testified at the hearing on the petition and was otherwise able to respond to petitioner's allegations through his attorney (*see Matter of Curtis N.*, 288 AD2d 774, 775-776, *lv denied* 97 NY2d 610; *cf. Matter of Folsom v Folsom*, 262 AD2d 875, *after remand* 286 AD2d 830, *lv denied* 97 NY2d 606). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.