# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1256**
**CAF 13-01035**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF KIMBERLY E. REINHARDT,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

WILLIE T. HARDISON, RESPONDENT-APPELLANT.

---

ROBERT J. GALLAMORE, OSWEGO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered May 24, 2013 in a proceeding pursuant to Family Court Act article 4. The order sentenced respondent to 60 days in the Jefferson County Jail for failure to pay child support.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order confirming the determination of the Support Magistrate that he willfully violated an order of child support and sentencing him to a term of incarceration of 60 days. We reject the father's contention that petitioner mother failed to meet her burden of presenting prima facie evidence of his willful violation. "[P]roof that [the father] has failed to pay support as ordered alone establishes [the mother's] direct case of willful violation, shifting to [the father] the burden of going forward" (*Matter of Powers v Powers*, 86 NY2d 63, 69). Contrary to the father's further contention, he failed to meet his burden inasmuch as he failed to present competent medical evidence to support his testimony that mental health problems interfered with his ability to obtain gainful employment to meet his child support obligation (*see Matter of Yamonaco v Fey*, 91 AD3d 1322, 1323, *lv denied* 19 NY3d 803), nor did he establish that he made reasonable efforts to obtain such employment (*see Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452-1453).

The father failed to preserve for our review his contention that the Support Magistrate improperly assisted the mother with her testimony and was biased against him (*see Matter of Gina C. v Augusto C.*, 116 AD3d 478, 479, *lv denied* 23 NY3d 905; *Matter of Sheenagh O'R. v Sean F.*, 50 AD3d 480, 482-483). Finally, we reject the father's contention that he was denied effective assistance of counsel inasmuch as he did not " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712; *see Matter of Elijah D. [Allison D.]*, 74

AD3d 1846, 1847).

Entered:  November 21, 2014            Frances E. Cafarell
                                      Clerk of the Court