■ In the Matter of JENNIFER BROWN, Respondent, v TYRONE GANDY, Appellant. (Proceeding No. 1.) In the Matter of TYRONE GANDY, Appellant, v JENNIFER BROWN, Respondent. (Proceeding No. 2.) [3 NYS3d 486]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered July 16, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, designated the location of supervised visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The father, the respondent in proceeding No. 1 and the petitioner in proceeding No. 2, appeals from an order that, among other things, directed that supervised visitation with his child take place at a location in North Tonawanda. The father agreed that the prior order of visitation would be modified to require that visitation occur in a supervised setting, but he requested that such visitation occur at a location in Buffalo. Family Court properly concluded that the standard to be applied in determining the location of visitation is the best interests of the child (*see Matter of Gold v Gold*, 53 AD3d 485, 488 [2008]). We see no basis to disturb the court's determination that the North Tonawanda location would better serve the child's best interests, " 'inasmuch as it was based on the court's credibility assessments of the witnesses and is supported by a sound and substantial basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744 [2010]). The father's challenges to the testimony of the expert witness concerning fetal alcohol syndrome are not preserved for our review (*see Matter of Lashawn Shanteal R.*, 14 AD3d 467, 467 [2005]), and they lack merit in any event.

With respect to the father's contention that he was denied effective assistance of counsel at the hearing, we note at the outset that, "because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847 [2010] [internal quotation marks omitted]). Thus, to the extent that previous decisions of this Court have required a showing of actual prejudice to prevail on a claim of ineffective assistance of counsel under the New York Constitution, those cases are no longer to be followed (*see e.g. Matter of Jada G. [Marcella G.]*, 113 AD3d 1138, 1138 [2014]; *Matter of Alisa E. [Wendy F.]*, 98 AD3d 1296, 1296 [2012]; *Matter of Michael C.*, 82 AD3d 1651, 1652 [2011], *lv denied* 17 NY3d 704 [2011]). We nevertheless reject the father's contention inasmuch as he did not " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" at the hearing (*People v Benevento*, 91

NY2d 708, 712 [1998]; *see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1449 [2014]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.