# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1314**
**CAF 13-01337**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF JENNIFER BROWN,
PETITIONER-RESPONDENT,

                V                           MEMORANDUM AND ORDER

TYRONE GANDY, RESPONDENT-APPELLANT.
(PROCEEDING NO. 1.)
---------------------------------------
IN THE MATTER OF TYRONE GANDY,
PETITIONER-APPELLANT,

                V

JENNIFER BROWN, RESPONDENT-RESPONDENT.
(PROCEEDING NO. 2.)

COLUCCI & GALLAHER, P.C., BUFFALO (REGINA A. DELVECCHIO OF COUNSEL),
FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

EVELYNE O'SULLIVAN, EAST AMHERST, FOR PETITIONER-RESPONDENT AND
RESPONDENT-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

-------------------------------------------------------------------------------

     Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered July 16, 2013 in a proceeding pursuant to
Family Court Act article 6. The order, among other things, designated
the location of supervised visitation.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum: The father, the respondent in proceeding No. 1 and
the petitioner in proceeding No. 2, appeals from an order that, among
other things, directed that supervised visitation with his child take
place at a location in North Tonawanda. The father agreed that the
prior order of visitation would be modified to require that visitation
occur in a supervised setting, but he requested that such visitation
occur at a location in Buffalo. Family Court properly concluded that
the standard to be applied in determining the location of visitation
is the best interests of the child (*see Matter of Gold v Gold*, 53 AD3d
485, 488). We see no basis to disturb the court's determination that
the North Tonawanda location would better serve the child's best

interests, " 'inasmuch as it was based on the court's credibility assessments of the witnesses and is supported by a sound and substantial basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744). The father's challenges to the testimony of the expert witness concerning fetal alcohol syndrome are not preserved for our review (*see Matter of Lashawn Shanteal R.*, 14 AD3d 467, 467), and they lack merit in any event.

With respect to the father's contention that he was denied effective assistance of counsel at the hearing, we note at the outset that, "because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847 [internal quotation marks omitted]). Thus, to the extent that previous decisions of this Court have required a showing of actual prejudice to prevail on a claim of ineffective assistance of counsel under the New York Constitution, those cases are no longer to be followed (*see e.g. Matter of Jada G. [Marcella G.]*, 113 AD3d 1138, 1138; *Matter of Alisa E. [Wendy F.]*, 98 AD3d 1296, 1296; *Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704). We nevertheless reject the father's contention inasmuch as he did not " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" at the hearing (*People v Benevento*, 91 NY2d 708, 712; *see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1449).

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court