# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**CAF 14-00048**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF GREGORY O. BRANDON, SR.,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BOBBIE L. KING, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF
COUNSEL), FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Supreme Court, Monroe County (Gail A. Donofrio, J.), entered December 12, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior consent order by directing that the mother have limited supervised visitation with the parties' child, and otherwise continued joint custody and primary physical residence with petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified a prior consent order by directing that the mother have limited supervised visitation with the parties' child, and otherwise continued joint custody and primary physical residence with petitioner father. The mother does not challenge Supreme Court's determination that there was a significant change in circumstances, and thus we address only the issue whether the court's custody and visitation determination is in the child's best interests (*see Matter of Van Court v Wadsworth*, 122 AD3d 1339, 1340, *lv denied* 24 NY3d 916). Although the court "erred in failing 'to set forth those facts essential to its decision' . . . , 'the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the child[ ]' " (*Matter of Williams v Tucker*, 2 AD3d 1366, 1367, *lv denied* 2 NY3d 705; *see Matter of Mathewson v Sessler*, 94 AD3d 1487, 1489, *lv denied* 19 NY3d 815). Upon our review of the relevant factors (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174; *Fox v Fox*, 177 AD2d 209, 210), we conclude that it is in the child's best interests that the father retain primary physical residence and that the mother have limited supervised visitation.

Here, the mother admitted that she had been on probation following a conviction of endangering the welfare of a child for

leaving the child unattended, that she smoked marihuana while on probation, and that she was arrested for possessing marihuana after the police responded to a disturbance that occurred when the mother went to the father's residence in violation of an order of protection. The mother also admitted that she pleaded guilty to harassment following a "road rage" incident that resulted in a physical altercation outside the vehicle while the child was in the back seat. In addition, the record establishes that the mother was unable to maintain a stable and safe home environment inasmuch as she moved frequently, and she resorted to heating an apartment with an open oven. Moreover, although the mother often volunteered in the child's preschool classroom and visited him during lunch, school staff members testified that the mother was disruptive and argumentative during some of the visits, and that there were instances of inappropriate treatment of the child. The record establishes that the father also engaged in various forms of improper conduct, often involving mistreatment of the mother, but we nevertheless conclude that the mother's behavior consistently placed the child at risk, whereas the father has provided a more stable home environment and is better able to provide for the child's emotional and intellectual development (*see generally Matter of St. Pierre v Burrows*, 14 AD3d 889, 891-892).

With respect to the mother's contention that she was denied effective assistance of counsel, we note that, " 'because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390). We are unable to review the mother's contention to the extent that it involves matters outside the record on appeal (*see Matter of Chamas v Carino*, 119 AD3d 564, 565). To the extent that the record permits review of her contention, we conclude that the mother did not " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712; *see Brown*, 125 AD3d at 1390-1391).

Finally, the mother's contention that the court violated her constitutional rights is not preserved for our review (*see Matter of Beebe v Beebe*, 298 AD2d 843, 843-844) and, in any event, it lacks merit.

Entered: March 25, 2016                              Frances E. Cafarell
                                                     Clerk of the Court