■ In the Matter of ANGELA M. KELLEY, Respondent, v ANTHONY J. HOLMES, Appellant. In the Matter of ANTHONY J. HOLMES, Appellant, v ANGELA M. KELLEY, Respondent. [56 NYS3d 738]—

Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered June 9, 2016 in a proceeding pursuant to Family Court Act article 4. The order, among other things, adjudged that Anthony J. Holmes had willfully violated an order of support.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order granting the petition alleging that he was in willful violation of a child support order requiring that he pay child support in the amount of $50 per month and denying his cross petition seeking a downward modification of that order. Contrary to the father's contention, he failed to meet his burden of establishing a change in circumstances sufficient to warrant a downward modification of the prior order "inasmuch as he did not provide competent medical evidence of his disability or establish that his alleged disability rendered him unable to work" (*Matter of Gray v Gray*, 52 AD3d 1287, 1288 [2008], *lv denied* 11 NY3d 706 [2008]; *see Matter of Commissioner of Cattaraugus County Dept. of Social Servs. v Jordan*, 100 AD3d 1466, 1467 [2012]). Although we agree with the father that Family Court mis-

stated the amount of arrears, that misstatement does not require reversal or modification because the court did not order the father to pay any arrears and thus the father is not aggrieved thereby (*see generally* CPLR 5511; *Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295 [2012], *lv denied* 19 NY3d 810 [2012]). The father's further contention that the arrears must be limited to $500 pursuant to Family Court Act § 413 (1) (g) is not properly before us because it is raised for the first time on appeal (*see Matter of Erie County Dept. of Social Servs. v Morris* [appeal No. 1], 132 AD3d 1292, 1292 [2015]). In any event, the father "failed to establish that his income was below the federal poverty income guidelines when the arrears accrued" (*Morris*, 132 AD3d at 1292). We reject the father's contention that he was denied effective assistance of counsel inasmuch as he failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1449 [2014] [internal quotation marks omitted]; *see Matter of Ysabel M. [Ysdirabellinna L.—Elvis M.]*, 137 AD3d 1502, 1505 [2016]). We have reviewed the father's remaining contentions and conclude that they are without merit. Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.