Matter of Reska v Browne (2020 NY Slip Op 02438)





Matter of Reska v Browne


2020 NY Slip Op 02438


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


504 CAF 18-01947

[*1]IN THE MATTER OF LAURA B. RESKA, FORMERLY KNOWN AS LAURA B. KLINE, FORMERLY KNOWN AS LAURA B. AUSTIN, PETITIONER-APPELLANT,
v
MICHAEL P. BROWNE, RESPONDENT-RESPONDENT.
IN THE MATTER OF MICHAEL P. BROWNE, PETITIONER-RESPONDENT,
v
LAURA B. RESKA, RESPONDENT-APPELLANT. 






DEBORAH J. SCINTA, ORCHARD PARK, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
VERA A. VENKOVA, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Tracey A. Kassman, R.), entered August 10, 2018 in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded respondent-petitioner Michael P. Browne sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent mother appeals from an order that, inter alia, modified a prior order of custody and visitation by awarding respondent-petitioner father sole custody of the subject child. We affirm for reasons stated in the "decision and order" at Family Court. We write only to address two additional points. First, the contention of the mother and the Attorney for the Child (AFC) "that the court violated [the mother's] constitutional rights is not preserved for our review" (Matter of Brandon v King, 137 AD3d 1727, 1729 [4th Dept 2016], lv denied 27 NY3d 910 [2016]; see generally CPLR 4017; Matter of Lydia K., 112 AD2d 306, 307 [2d Dept 1985], affd 67 NY2d 681 [1986]), and we decline to address it in the interest of justice (see Matter of Jeffrey T. v Julie B., 35 AD3d 1222, 1222 [4th Dept 2006]; cf. Brandon, 137 AD3d at 1729; Matter of Beebe v Beebe, 298 AD2d 843, 843-844 [4th Dept 2002]; see generally Matter of Tamara Liz H., 300 AD2d 202, 203 [1st Dept 2002]). Second, to the extent that the mother preserved her further contention, joined by the AFC, that the court erred in considering the mother's toxicology test results in its determination that her visitation should be supervised, we conclude that the contention lacks merit. Furthermore, we conclude that the court's determination to impose supervised visitation is supported by the requisite "sound and substantial basis in the record" (Matter of Vasquez v Barfield, 81 AD3d 1398, 1398 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Keen v Stephens, 114 AD3d 1029, 1031 [3d Dept 2014]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court