Matter of Tartaglia v Tartaglia (2020 NY Slip Op 06912)





Matter of Tartaglia v Tartaglia


2020 NY Slip Op 06912


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1001 CAF 20-00695

[*1]IN THE MATTER OF CHRISTOPHER J. TARTAGLIA, PETITIONER-RESPONDENT,
v
KIMBERLY M. TARTAGLIA, RESPONDENT-APPELLANT. 






MICHAEL D. SCHMITT, ROCHESTER, FOR RESPONDENT-APPELLANT.
KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered September 27, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, directed that the parties ensure that the subject children have no contact with a particular individual. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that granted petitioner father's petition for modification of the custody and visitation provisions in the judgment of divorce by, inter alia, prohibiting the mother's male friend from having any contact with the parties' two children. The male friend is the ex-husband of the father's current wife and is a parent of the subject children's stepsiblings. As a preliminary matter, we decline to address the father's request, set forth in his respondent's brief, to dismiss the mother's appeal. That request is based on the father's allegations in his brief that the mother failed to settle the trial transcript pursuant to CPLR 5525 (c), but we may not "consider a statement of fact appearing only in the brief of a party, even if such statement [is] not disputed" (Ditmars-31' St. Dev. Corp. v Punia, 17 AD2d 357, 360 [2d Dept 1962]; see also People v Alizadeh, 87 AD2d 418, 426 [1st Dept 1982]).
Contrary to the mother's contention, Family Court properly declined to entertain her general motion to dismiss the petition after the father rested his case-in-chief, but before the court conducted the Lincoln hearing requested by the Attorney for the Children (see Matter of Noble v Brown, 137 AD3d 1714, 1714-1715 [4th Dept 2016]).
We reject the mother's contention that the father failed to establish that there had been the requisite change of circumstances warranting an inquiry into the best interests of the children (see Matter of Chromczak v Salek, 173 AD3d 1750, 1751 [4th Dept 2019]). Contrary to the mother's further contention, there is a sound and substantial basis in the record supporting the court's determination that the mother and father should ensure that the mother's male friend has no contact with the subject children (see id. at 1752; Matter of Lynn X. v Donald X., 162 AD3d 1276, 1278 [3d Dept 2018]). The court has wide discretion over visitation matters, and it has the power to impose restrictions on the interactions of children with third parties if it is in the children's best interests (see Chromczak, 173 AD3d at 1751-1752; Lynn X., 162 AD3d at 1278; Matter of David J. v Leeann K., 140 AD3d 1209, 1212 [3d Dept 2016]). Here, the father presented unrefuted evidence establishing that the mother and her male friend had begun a friendship, perhaps an intimate friendship, despite the fact that the mother and the father had [*2]previously had concerns over the friend's contact with the subject children based on the friend's past behavior with his own children. The father testified regarding an incident during which the subject children became frightened and tearful when they saw the friend's vehicle in their mother's driveway when the children were returning to the mother's home after weekend visitation with the father. The father further testified, inter alia, that the friend's own children have had orders of protection against him in the past. The statements of the oldest subject child during the Lincoln hearing also provided support for the court's determination. We see no reason to disturb the court's determination that it was in the best interests of the subject children to be shielded from contact with the mother's male friend (see Chromczak, 173 AD3d at 1751-1752).
The mother's contention that the court's bias against her deprived her of a fair and impartial verdict is not preserved for our review inasmuch as she failed to make a motion for the court to recuse itself (see id. at 1750). In any event, in order to be disqualifying, the alleged bias must stem from "an extrajudicial source or some basis other than what the [court] learned from [its] participation in the case" (Matter of McDonald v Terry, 100 AD3d 1531, 1531 [4th Dept 2012] [internal quotation marks omitted]). Here, the mother does not allege any such extrajudicial source of the court's alleged bias. To the extent that the mother contends that her constitutional rights to due process and to confer with her attorney were violated, we note that those contentions are not preserved for our review because the mother failed to make those specific objections during the proceedings (see Matter of Reska v Browne, 182 AD3d 1052, 1053 [4th Dept 2020]; Matter of Brandon v King, 137 AD3d 1727, 1729 [4th Dept 2016], lv denied 27 NY3d 910 [2016]).
We have examined the mother's remaining contentions and conclude
that none warrants reversal or modification of the order.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court