Matter of Schram v Nine (2021 NY Slip Op 02657)





Matter of Schram v Nine


2021 NY Slip Op 02657


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


393 CAF 18-02375

[*1]IN THE MATTER OF KATHRYN L. SCHRAM, PETITIONER-APPELLANT,
v
JOSHUA A. NINE, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR PETITIONER-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Onondaga County (Salvatore A. Pavone, R.), entered November 1, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted respondent sole legal and primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, granted respondent father sole legal and primary physical custody of the parties' three children. We affirm.
In making a custody determination, "numerous factors are to be considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child" (Matter of Wojciulewicz v McCauley, 166 AD3d 1489, 1490 [4th Dept 2018], lv denied 32 NY3d 918 [2019] [internal quotation marks omitted]). Contrary to the mother's contention, although the record reflects that both parties are loving parents who care deeply for their children, we conclude that Family Court's determination that the children's best interests would be served by awarding the father sole legal and primary physical custody is supported by a sound and substantial basis in the record (see generally Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017]). "The court's determination following a hearing that the best interests of the child[ren] would be served by such an award is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses . . . , [and] [w]e will not disturb that determination inasmuch as the record establishes that it is the product of the court's careful weighing of [the] appropriate factors" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court