Matter of Wyoming County Dept. of Social Servs. v Kates (2021 NY Slip Op 06251)





Matter of Wyoming County Dept. of Social Servs. v Kates


2021 NY Slip Op 06251


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


822 CAF 20-00274

[*1]IN THE MATTER OF WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF DORIS I. MURRAY, PETITIONER-RESPONDENT,
v
HULBERT F. KATES, III, RESPONDENT-APPELLANT. 






KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.
JAMES M. WUJCIK, COUNTY ATTORNEY, ATTICA (JANET L. BENSMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Wyoming County (Michael M. Mohun, J.), entered December 2, 2019 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, found that respondent had willfully violated a court order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order that, inter alia, effectively confirmed the determination of the Support Magistrate that the father willfully violated a prior order of child support.
Because the father failed to submit written objections to the order of the Support Magistrate, his challenges to the determinations of the Support Magistrate are not properly preserved (see Family Ct Act § 439 [e]; see also Matter of Farruggia v Farruggia, 125 AD3d 1490, 1490 [4th Dept 2015]; Matter of White v Knapp, 66 AD3d 1358, 1359 [4th Dept 2009]). In any event, we reject the contention of the father that the Support Magistrate erred in imputing income to him for the purpose of calculating his child support obligation. It is well settled that a support magistrate has " 'considerable discretion to . . . impute an annual income to a parent' " (Lauzonis v Lauzonis, 105 AD3d 1351, 1351 [4th Dept 2013]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]). Furthermore, "[c]hild support is determined by the parents' ability to provide for their child rather than their current economic situation" (Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007] [internal quotation marks omitted]; see Bashir, 169 AD3d at 1383), and a support magistrate's imputation of income will not be disturbed where, as here, there is record support for that determination (see Matter of Rapp v Horbett, 174 AD3d 1315, 1317-1318 [4th Dept 2019]; see also Matter of Drake v Drake, 185 AD3d 1382, 1383 [4th Dept 2020], lv denied 36 NY3d 909 [2021]). Contrary to the father's further contention, the Support Magistrate did not demonstrate any bias by imputing income to the father, and the Support Magistrate did not interfere with the presentation of the father's case or indicate any partiality or bias that would warrant reversal or modification of the order on appeal (see Matter of Deshotel v Mandile, 151 AD3d 1811, 1812-1813 [4th Dept 2018]; Matter of Cadle v Hill, 23 AD3d 652, 653 [2d Dept 2005]).
We reject the father's contention that petitioner failed to establish that he willfully violated the order of support. "A failure to pay support as ordered itself constitutes prima facie evidence of a willful violation . . . [and] establishes [the] petitioner's direct case of willful violation, shifting to [the] respondent the burden of going forward . . . To meet that burden, the respondent must offer some competent, credible evidence of his [or her] inability to make the required payments" (Matter of Yamonaco v Fey, 91 AD3d 1322, 1323 [4th Dept 2012], lv denied [*2]19 NY3d 803 [2012] [internal quotation marks omitted]; see Matter of Wayne County Dept. of Social Servs. v Loren, 159 AD3d 1504, 1505 [4th Dept 2018]). Here, contrary to the father's contention, he failed to submit competent medical evidence to substantiate his claim that he was unable to work because of a disability (see Loren, 159 AD3d at 1505; Matter of Hwang v Tam, 158 AD3d 1216, 1217 [4th Dept 2018]).
Finally, we conclude that the father failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Reinhardt v Hardison, 122 AD3d 1448, 1449 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Kelley v Holmes, 151 AD3d 1704, 1705 [4th Dept 2017], lv denied 30 NY3d 904 [2017]). We therefore reject his contention that he was deprived of effective assistance of counsel.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court