Matter of Frederick v Heidemann (2022 NY Slip Op 05458)

Matter of Frederick v Heidemann

2022 NY Slip Op 05458

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

706 CAF 21-00631

[*1]IN THE MATTER OF JOHN H. FREDERICK, JR., PETITIONER-APPELLANT,
v
JENNIFER L. HEIDEMANN AND KATHLEEN M. HEIDEMANN, RESPONDENTS-RESPONDENTS. 

PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT.
DUKE LAW FIRM, P.C., LAKEVILLE (HEIDI W. FEINBERG OF COUNSEL), FOR RESPONDENT-RESPONDENT JENNIFER L. HEIDEMANN.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered March 2, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent Jennifer L. Heidemann sole legal custody and primary physical placement of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, among other things, awarded respondent mother sole legal and physical custody of the subject child, with visitation to the father and to respondent grandmother. Contrary to the father's contention, Family Court considered the appropriate factors in making its custody determination (see generally Matter of Caughill v Caughill, 124 AD3d 1345, 1346 [4th Dept 2015]). The court's determination, made after a hearing, that the best interests of the child are served by awarding custody to the mother "is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Baker v Mackey, 196 AD3d 1161, 1162 [4th Dept 2021]; Matter of Schram v Nine, 193 AD3d 1361, 1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]). We will not disturb that determination where, as here, "the record establishes that it is the product of the court's careful weighing of [the] appropriate factors" (Timothy MYC, 151 AD3d at 1732 [internal quotation marks omitted]; see Schram, 193 AD3d at 1362) and " 'it is supported by a sound and substantial basis in the record' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1393 [4th Dept 2016]; see Williams v Williams, 100 AD3d 1347, 1348 [4th Dept 2012]; see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court