Matter of Ceravolo v Lefebvre (2023 NY Slip Op 03602)

Matter of Ceravolo v Lefebvre

2023 NY Slip Op 03602

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

345 CAF 22-00947

[*1]IN THE MATTER OF MARIATERESA CERAVOLO, PETITIONER-RESPONDENT,
v
DAVID LEFEBVRE, RESPONDENT-APPELLANT. (PROCEEDING NO. 1.) IN THE MATTER OF MITCHEL LICHTMAN, PETITIONER-APPELLANT, 
 MARIATERESA CERAVOLO, RESPONDENT-RESPONDENT, AND DAVID LEFEBVRE, RESPONDENT. (PROCEEDING NO. 2.) (APPEAL NO. 1.) 

KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
GALLO & IACOVANGELO, LLP, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN.

 Appeals from an amended order of the Family Court, Ontario County (Brian D. Dennis, J.), entered June 1, 2022, in proceedings pursuant to Family Court Act article 6. The amended order, inter alia, granted sole legal and primary physical custody of the subject children to petitioner-respondent. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent in appeal No. 1, Mariateresa Ceravolo (mother), who is also a respondent in appeal Nos. 2 and 3, filed a petition pursuant to Family Court Act article 6 against David Lefebvre (father), a respondent in appeal Nos. 1 through 3, seeking, inter alia, modification of a judgment of divorce that incorporated but did not merge a separation agreement between the mother and the father providing for joint custody and shared residency of the subject children. Thereafter, a petitioner in appeal No. 1, Mitchel Lichtman, who adopted the father as an adult and who is also the petitioner in appeal Nos. 2 and 3, filed a petition seeking visitation with the children. The father and Lichtman now appeal, in appeal No. 1, from an amended order that, inter alia, granted sole legal and primary physical custody of the subject children to the mother, ordered that the mother and the father must ensure that Lichtman has no contact with the children, and denied Lichtman's petition. In appeal No. 2, Lichtman appeals from an order of protection requiring him to, inter alia, stay away from the subject children and, in appeal No. 3, Lichtman appeals from an order that denied his motion to vacate the order of protection.
Addressing first the amended order in appeal No. 1, we reject the contention of the father that the mother failed to establish that there had been the requisite change of circumstances [*2]warranting an inquiry into whether modification of the existing custody arrangement would be in the best interests of the children (see Matter of Chromczak v Salek, 173 AD3d 1750, 1751 [4th Dept 2019]). Contrary to the father's further contention, Family Court's determination that it is in the best interests of the children to award the mother sole legal and primary physical custody is supported by a sound and substantial basis in the record (see generally Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [4th Dept 2011]). "The court's determination following a hearing that the best interests of the child[ren] would be served by such an award is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses . . . We will not disturb that determination inasmuch as the record establishes that it is the product of the court's careful weighing of [the] appropriate factors" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Frederick v Heidemann, 208 AD3d 1644, 1644 [4th Dept 2022]).
We also reject the contention of the father that the court erred in determining that the mother and the father must ensure that Lichtman has no contact with the children (see Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1755 [4th Dept 2020]; Chromczak, 173 AD3d at 1751-1752). Here, the evidence in the record establishes that Lichtman is a convicted sex offender, that Lichtman and the father concealed that fact from the mother when Lichtman had contact with the children, that the contact with Lichtman continued against the mother's wishes, and that the disclosure of Lichtman's criminal history caused substantial disruption in the relationship between the mother and the father. Consequently, the court's determination that allowing Lichtman to have contact with the children created an unnecessary risk to their health and well-being, and thus that it is in the children's best interests to have no contact with Lichtman, has a sound and substantial basis in the record (see Tartaglia, 188 AD3d at 1755; Chromczak, 173 AD3d at 1752; see generally Matter of Schram v Nine, 193 AD3d 1361, 1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]). For the same reasons, we conclude that there is a sound and substantial basis in the record for the court's determination that visitation with Lichtman is not in the children's best interests (see Matter of Wendy KK. v Jennifer KK., 160 AD3d 1059, 1061 [3d Dept 2018]; Matter of Macri v Brown, 133 AD3d 1333, 1334 [4th Dept 2015]).
We reject Lichtman's further contention in appeal No. 2 that the court exceeded its authority in granting the order of protection, and his contention in appeal No. 3 that the court therefore erred in refusing to vacate that order. Contrary to his contentions, Lichtman was on notice that the mother opposed his contact with the children, and the court had the authority to issue an order of protection "set[ting] forth reasonable conditions of behavior to be observed for a specific time by any petitioner" pursuant to Family Court Act § 656 (Matter of Kristian J.P. v Jeannette I.C., 87 AD3d 1337, 1338 [4th Dept 2011] [internal quotation marks omitted]). We likewise reject Lichtman's contentions with respect to appeal Nos. 2 and 3 that the duration of the order of protection is excessive and conclude that there is a sound and substantial basis in the record for the court's determination that the order of protection continue until the younger child's 18th birthday (see Family Ct Act § 656; Matter of Thomas v Osborne, 51 AD3d 1064, 1069 [3d Dept 2008]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court