Matter of Rotundo v Deptola (2024 NY Slip Op 05740)

Matter of Rotundo v Deptola

2024 NY Slip Op 05740

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

799 CAF 23-01308

[*1]IN THE MATTER OF BENEDICT R. ROTUNDO, PETITIONER-RESPONDENT,
v
KATIE A. DEPTOLA, FORMERLY KNOWN AS KATIE A. ROTUNDO, RESPONDENT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
BRIAN J. EHRHARD, UTICA, ATTORNEY FOR THE CHILD.
EDWARD G. KAMINSKI, UTICA, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Oneida County (Jason D. Flemma, J.), rendered May 25, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical residence of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted petitioner father's amended petition to modify a prior order of custody and granted him primary physical residence of the parties' three children. We affirm.
The mother contends that she was denied effective assistance of counsel inasmuch as counsel did not advise her to settle the case and did not adequately examine or cross-examine the witnesses, raise objections, or admit material into evidence. Initially, we note that, " 'because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015]). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, a [parent's] constitutional right to the effective assistance of counsel will have been met' " (Matter of Laura E. v Matthew E., 226 AD3d 1117, 1118 [3d Dept 2024]; see Sloan v Sloan, 224 AD3d 712, 713 [2d Dept 2024]).
Regarding the allegation that counsel failed to advise the mother to settle the case, we are unable to review the mother's contention to the extent it involves matters outside the record on appeal (see Matter of Brooks v Martinez, 218 AD3d 568, 569 [2d Dept 2023]; Matter of Brandon v King, 137 AD3d 1727, 1728 [4th Dept 2016], lv denied 27 NY3d 910 [2016]). To the extent that the record permits review of her contention regarding a settlement, we conclude that the mother did not " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see Brown, 125 AD3d at 1390-1391). Indeed, the record establishes that the parties had reached a settlement, but Family Court would not accept it after the mother made indications that she was not amenable to it. With respect to the mother's remaining claims of ineffective assistance, we conclude that " '[t]he record, viewed in its totality, establishes that the [mother] received meaningful representation' " (Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018]; see Matter of Thomas v Thomas, 221 AD3d 609, 610 [2d Dept 2023]).
The mother further contends that the two youngest children were denied effective assistance of counsel inasmuch as the attorney for the children (AFC) did not ascertain the wishes of his clients or communicate those wishes to the court and failed to submit a written closing argument. Section 7.2 of the Rules of the Chief Judge provides that, in proceedings such as an article 6 custody proceeding where the child is the subject and an AFC has been appointed pursuant to Family Court Act § 249, the AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]). "In ascertaining the child's position, the [AFC] must consult with and advise the child to the extent of and in a manner consistent with the child's capacities, and have a thorough knowledge of the child's circumstances" (22 NYCRR 7.2 [d] [1]). A child in an article 6 custody proceeding is entitled to effective assistance of counsel (see Matter of Sloma v Saya, 210 AD3d 1494, 1495 [4th Dept 2022]).
Initially, we note that the AFC's failure to submit a written closing argument does not constitute ineffective assistance of counsel (see Matter of Terramiggi v Tarolli, 151 AD3d 1670, 1672 [4th Dept 2017]). The mother's contention that the AFC failed to meet with the children is speculative and based on matters outside the record and is therefore not properly before us (see Matter of Honeyford v Luke, 186 AD3d 1049, 1050 [4th Dept 2020]). The record before us does not support the mother's allegation (see Matter of Smith v Ballam, 176 AD3d 1591, 1593 [4th Dept 2019]). We note that, although the AFC did not place on the record the wishes of his clients, the court held an in camera hearing with the children. The mother failed to establish " 'the absence of strategic or other legitimate explanations for counsel's alleged shortcomings' " (Matter of Doner v Flora, 229 AD3d
1158, 1158 [4th Dept 2024]; see Matter of Ballard v Piston, 178 AD3d 1397, 1398 [4th Dept 2019], lv denied 35 NY3d 907 [2020]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court