Matter of Cavitt v Cavitt (2025 NY Slip Op 02481)

Matter of Cavitt v Cavitt

2025 NY Slip Op 02481

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

262 CAF 24-00557

[*1]IN THE MATTER OF RACHEL CAVITT, PETITIONER-RESPONDENT,
v
JOSEPH CAVITT, RESPONDENT-APPELLANT. 

JOSEPH CAVITT, RESPONDENT-APPELLANT PRO SE. 
ASSAF & SIEGAL PLLC, ALBANY (DAVID M. SIEGAL OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered December 12, 2023, in a proceeding pursuant to Family Court Act article 4. The order denied the objection of respondent to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order denying his written objection to the order of the Support Magistrate, which increased the amount of the father's child support obligation and directed him to pay additional medical and college expenses. We affirm.
Contrary to the father's contention, Family Court properly denied his objection that the Support Magistrate's "order was obtained by way of fraudulent acts and testimony" of petitioner mother during the fact-finding hearing. It is well settled that "deference should be given to the credibility determinations of the [S]upport [M]agistrate, who was in the best position to evaluate the credibility of the witnesses" (Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019] [internal quotation marks omitted]; see Matter of DeNoto v DeNoto, 96 AD3d 1646, 1648 [4th Dept 2012]). Inasmuch as the father's remaining contentions were not raised in his written objection to the Support Magistrate's order, they are not properly before us (see Family Ct Act § 439 [e]; Matter of Wyoming County Dept. of Social Servs. v Kates, 199 AD3d 1369, 1369 [4th Dept 2021]; Matter of Farruggia v Farruggia, 125 AD3d 1490, 1490 [4th Dept 2015]; Matter of White v Knapp, 66 AD3d 1358, 1359 [4th Dept 2009]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court