Matter of Bastoni v Bastoni (2025 NY Slip Op 07208)

Matter of Bastoni v Bastoni

2025 NY Slip Op 07208

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1013 CAF 24-01899

[*1]IN THE MATTER OF AHMAD BASTONI, PETITIONER-APPELLANT,
v
KAWTHER BASTONI, RESPONDENT-RESPONDENT. 

ANDREW J. DIPASQUALE, ROCHESTER, FOR PETITIONER-APPELLANT. 
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RYAN M. BERGMAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Salvatore A. Pavone, R.), entered October 29, 2024, in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent to dismiss the petition seeking to modify a prior order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that granted respondent mother's motion to dismiss the father's petition, which sought to modify the parties' prior order of custody and visitation. We affirm.
Contrary to the father's contention, Family Court did not err in granting the motion inasmuch as the petition did not "contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (Matter of Catherine M.C. v Matthew P.C., 237 AD3d 1552, 1553 [4th Dept 2025] [internal quotation marks omitted]; see Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018]). To the extent that the father contends that his constitutional right to due process was violated, we note that his contention is not preserved for our review because he failed to make that specific objection during the proceedings (see Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1756 [4th Dept 2020]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court