Matter of Abrams v Smith (2025 NY Slip Op 07160)

Matter of Abrams v Smith

2025 NY Slip Op 07160

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

869 CAF 24-00134

[*1]IN THE MATTER OF WOODROW ABRAMS, PETITIONER-APPELLANT,
vLAUREEN SMITH, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), dated November 21, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition for modification of a prior order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent father appeals in appeal No. 1 from an order that, inter alia, denied his petition seeking modification of the parties' prior order of custody and visitation to provide him with increased and unsupervised access to the subject child. In appeal No. 2, the father appeals from a subsequent order that, upon the petition of respondent-petitioner, who is the maternal grandmother and custodian of the subject child, modified the prior order of custody and visitation by, inter alia, designating an agency to supervise the father's access with the child. The father's access had previously been supervised by the child's paternal grandmother.
The father contends in appeal No. 1 that Family Court's determination with respect to his petition is not supported by the record. We reject that contention. "Visitation decisions are generally left to [the court's] sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1436 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Helles v Helles, 87 AD3d 1273, 1273 [4th Dept 2011]). Visitation issues are determined based on the best interests of the child (see Veronica S. v Philip R.S., 70 AD3d 1459, 1459 [4th Dept 2010]), and a court's determination with respect to a child's best interests is entitled to great deference (see Matter of Michael G. v Letitia M.B., 45 AD3d 1405, 1405 [4th Dept 2007], lv denied 10 NY3d 715 [2008]; Matter of Westfall v Westfall, 28 AD3d 1229, 1230 [4th Dept 2006], lv denied 7 NY3d 706 [2006]; Matter of Frederick v Cattaraugus County Dept. of Social Servs., 302 AD2d 891, 892 [4th Dept 2003]). Here, a sound and substantial basis in the record supports the court's determination that it would not be in the child's best interests to increase the father's access time. The father did not regularly use all of the access offered, and when he did exercise his access rights, he did not consistently comply with the terms of the required supervision. The record further supports the court's determination that visitation should continue to be supervised in light of the father's conduct during his supervised access, which included discussing these proceedings with the child and leaving the bathroom door open so the child could see him (see generally Matter of Masri v Masri, 171 AD3d 1183, 1185 [2d Dept 2019]).
We reject the father's challenge in appeal No. 2 to the court's determination that his access should be supervised by an agency rather than by the paternal grandmother. The record supports the court's conclusion that another form of supervision was needed due to the paternal grandmother's poor health.
We reject the father's further contention in each appeal that he was denied effective assistance of counsel at the hearing. Although the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings (see Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015]; Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]), the father failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" at the hearing (People v Benevento, 91 NY2d 708, 712 [1998]; see Brown, 125 AD3d at 1390; Matter of Reinhardt v Hardison, 122 AD3d 1448, 1449 [4th Dept 2014]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court