Matter of Cheung v Tran (2026 NY Slip Op 01888)

Matter of Cheung v Tran

2026 NY Slip Op 01888

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

145 CAF 24-01135

[*1]IN THE MATTER OF DAVID CHEUNG,
PETITIONER-RESPONDENT,
vKIM NGYEN THI TRAN, RESPONDENT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
THOMAS L. PELYCH, HORNELL, FOR PETITIONER-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oneida County (Paul M. Deep, J.),
entered April 16, 2024, in a proceeding pursuant to Family Court Act article 6. The order,
among other things, awarded petitioner sole legal and primary physical custody of the
subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed
without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent
mother appeals from an order that modified the parties' prior order of custody and
parenting time by, inter alia, granting petitioner father sole legal and primary physical
custody of the parties' child. Initially, we note that the mother "failed to preserve for our
review her contention that the father failed to establish a change of circumstances
warranting review of the prior order" (Matter of Tisdale v Anderson, 100 AD3d 1517, 1517 [4th
Dept 2012] [internal quotation marks omitted]; see Matter of Torres v Burchell, 228 AD3d 1303, 1303 [4th
Dept 2024], lv denied 42 NY3d 908 [2024]; Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept
2012]).
In any event, the mother's contention lacks merit inasmuch as the father met his
burden of establishing "a change in circumstances sufficient to warrant an inquiry into
whether a change in custody is in the best interests of the child[ ]" (Matter of Johnson
v Johnson [appeal No. 2], 209 AD3d 1314, 1315 [4th Dept 2022] [internal quotation
marks omitted]; see Torres, 228 AD3d at 1303). The evidence at the hearing
established "that the parties' relationship had become acrimonious" and had deteriorated
since entry of the prior order (Torres, 228 AD3d at 1303; see Matter of Fowler v
Rothman, 198 AD3d 1374, 1375 [4th Dept 2021], lv dismissed 38 NY3d
995 [2022]; Matter of Gorton v
Inman, 147 AD3d 1537, 1538 [4th Dept 2017]). Moreover, the father established
"that the mother, in violation of [the] existing order," failed to provide the father with the
current address of the child or any educational and medical information for the child (Matter of Moreno v Elliott, 170
AD3d 1610, 1611 [4th Dept 2019]; see generally Matter of Green v Bontzolakes, 111 AD3d
1282, 1283-1284 [4th Dept 2013]) and also interfered with his telephone access with
the child (see Moreno, 170 AD3d at 1611).
Affording "great deference to the determination of the hearing court with its superior
ability to evaluate the credibility of the testifying witnesses" (Matter of Miner v Torres, 179
AD3d 1490, 1491 [4th Dept 2020]; see Matter of Ceravolo v Lefebvre, 217 AD3d 1523, 1524
[4th Dept 2023], lv dismissed in part & denied in part 41 NY3d 926 [2024],
rearg denied 41 NY3d 1007 [2024]), we further conclude that, contrary to the
mother's contention, a sound and substantial basis in the record supports Family Court's
determination that an award to the father of sole legal and primary physical custody was
in the child's best interests (see
Matter of Dickes v Johnston, 213 AD3d 1247, 1248 [4th Dept 2023], lv
denied 39 NY3d 913 [2023]; see generally Eschbach v Eschbach, 56 NY2d
167, 173-174 [1982]; Fox v Fox, 177 AD2d 209, 210-211 [4th [*2]Dept 1992]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court